

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00084-CR

DERRICK BERON MCCOWAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 23-0288X

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

On March 19, 2024, a Harrison County jury found Derrick Beron McCowan guilty of assault on a public servant. *See* TEX. PENAL CODE ANN. § 22.01(b)(1) (Supp.). After pleading true to the two enhancement paragraphs, McCowan was sentenced to twenty-five years' imprisonment. McCowan appeals.

McCowan's attorney filed a brief stating that she reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On June 29, 2024, counsel mailed copies of the following to McCowan: (1) her *Anders* brief; (2) her motion to withdraw; and (3) a motion for pro se access to the appellate record lacking only McCowan's signature and the date. On July 1, this Court advised McCowan that his pro se motion for access to the record was "due on or before **Tuesday, July 16, 2024**." We did not receive that pro se motion. On July 23, 2024, we notified McCowan that the case had been set for submission on August 13, 2024. We received neither a pro se response from McCowan nor a motion requesting an extension of time in which to file such a response. We

have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We have, however, found that the judgment must be modified. "We have the authority to reform the judgment to make the record speak the truth when the matter has been called to our attention by any source." *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.) (citing *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992)). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in [the] trial court; we may act sua sponte and may have a duty to do so." *Id.* (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd); *French*, 830 S.W.2d at 609). "The Texas Rules of Appellate Procedure also provide direct authority for this Court to modify the trial court's judgment." *Id.* (citing TEX. R. APP. P. 43.2).

In the judgment, the "Finding on 1ˢᵗ Enhancement Paragraph" is "**FOUND NOT TRUE**" and the "Finding on 2ⁿᵈ Enhancement Paragraph" is "**FOUND NOT TRUE**." In accordance with the sentence, both should be modified to "**FOUND TRUE**." Thus, we modify the judgment as follows: "Finding on 1ˢᵗ Enhancement Paragraph" from "**FOUND NOT TRUE**" to "**FOUND TRUE**" and "Finding on 2ⁿᵈ Enhancement Paragraph" from "**FOUND NOT TRUE**" to "**FOUND TRUE**."

As modified, we affirm the trial court's judgment.[1]

Charles van Cleef
Justice

Date Submitted:        August 13, 2024
Date Decided:          September 19, 2024

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744.  No substitute counsel will be appointed.  Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.